UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE HARDIN,

Petitioner,

v.

CASE NO. 4:10-CV-13672
JUDGE MARK A. GOLDSMITH
MAGISTRATE JUDGE PAUL KOMIVES

WILLIE O. SMITH,

Respondent.
_____________________________/

**REPORT AND RECOMMENDATION ON PETITIONER'S HABEAS APPLICATION (docket #1) and RESPONDENT'S MOTION FOR SUMMARY JUDGMENT (docket #11)**

I. RECOMMENDATION: The Court should conclude that petitioner's habeas application is untimely pursuant to 28 U.S.C. § 2244(d). Accordingly, the Court should grant respondent's motion for summary judgment and dismiss the petition. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

II. REPORT:

A. *Procedural Background*

Petitioner Terrance Hardin is a state prisoner, serving various sentences (the most severe of which involves a term of 7-20 years' imprisonment) imposed as a result of his 2003 state court convictions for assault with intent to commit great bodily harm, felon in possession of a firearm, and possession of a firearm during the commission of felony. Petitioner's application and the state court record reveal the following time line of the state court proceedings:

- Petitioner was convicted in November 2003, following a jury trial in the Wayne County Circuit Court. On December 8, 2003, he was sentenced by the court.

- Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, claims of improper admission of evidence, prosecutorial misconduct, and ineffective assistance of counsel. On May 12, 2005, the court of appeals affirmed

petitioner's convictions. *See People v. Hardin*, No. 252878, 2005 WL 1123591 (Mich. Ct. App. May 12, 2005) (per curiam).

- Petitioner filed an application for leave to appeal in the Michigan Supreme Court. On October 31, 2005, the Supreme Court denied leave to appeal in a standard order. *See People v. Hardin*, 474 Mich. 909, 705 N.W.2d 121 (2005).

- On December 15, 2006, petitioner filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising claims of improper instructions, prosecutorial misconduct, denial of confrontation, suggestive identification, ineffective assistance of counsel, and cumulative error. The trial court denied the motion on June 27, 2007.

- Petitioner filed an application for leave to appeal the trial court's decision. On August 5, 2008, the court of appeals denied petitioner's application in a standard order. *See People v. Hardin*, No. 285535 (Mich. Ct. App. Aug. 5, 2008). On January 27, 2009, the Michigan Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Hardin*, 483 Mich. 882, 759 N.W.2d 379 (2009).

On August 30, 2010, petitioner filed this application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent filed a motion for summary judgment on May 23, 2011, arguing that petitioner's habeas application is untimely. Petitioner filed a response to the motion on July 26, 2011. Petitioner also filed a motion for equitable tolling at the time he filed his petition, which the Court denied as premature and without prejudice. For the reasons that follow, the Court should grant respondent's motion for summary judgment and dismiss the petition.

B. *Analysis*

1. *Statutory Timeliness and Tolling*

Respondent argues that petitioner's application is barred by the one-year statute of

[1]Although petitioner's application is file-stamped September 15, 2010, it is well-established that a habeas petition is deemed "filed" for purposes of the statute of limitations on the date the petitioner gives his motion to prison officials for mailing. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *Beckovich v. Coyle*, 22 F. Supp. 2d 722, 723 (N.D. Ohio 1998); *cf. Houston v. Lack*, 487 U.S. 266, 270 (1988). Petitioner's application is signed and dated August 30, 2010. Accordingly, I assume that the petition was given to prison officials for mailing, and was thus "filed," on August 30, 2010.

limitations governing habeas petitions. On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1220 (Apr. 24, 1996). In relevant part, the AEDPA amended 28 U.S.C. § 2244 to provide a one year statute of limitations for habeas petitions. Specifically, the statute as amended by the AEDPA provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review of the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).[2]

As the language of the statute indicates, there are four possible dates on which the limitations period may begin to run. Assuming that the default commencement date established by subparagraph (A) applies here, petitioner's application is untimely. Under subparagraph (A) of § 2244(d),

> a judgment of conviction does not become "final" . . . until the Supreme Court affirms the conviction and sentence on the merits or denies a timely filed petition for certiorari.
>
> In addition, if a defendant does not file a certiorari petition, the judgment of

---

[2]The AEDPA codified a one-year statute of limitations provision for motions to vacate federal convictions brought under 28 U.S.C. § 2255 which is nearly identical to the one found in § 2244(d)(1). *See* 28 U.S.C. § 2255 para. 6. Accordingly, cases discussing the § 2255 statute of limitations are applicable here.

> conviction does not become "final" until the time for seeking certiorari review expires.

*Kapral v. United States*, 166 F.3d 565, 570-71 (3d Cir. 1999); *see also*, *United States v. Simmonds*, 111 F.3d 737, 744 (10th Cir. 1997) (conviction became final upon denial of certiorari); *Torres v. Irvin*, 33 F. Supp. 2d 257, 271 (S.D.N.Y. 1998) ("[A] judgment of conviction only becomes final upon the expiration of the ninety days to seek a writ of certiorari from the United States Supreme Court."); *United States v. Dorsey*, 988 F. Supp. 917, 918 (D. Md. 1998) (same); *cf*. *Penry v. Lynaugh*, 492 U.S. 302, 314 (1989) (for purpose of determining whether application of new rule of law would be an impermissible retroactive application to a case which has already become final, conviction becomes final upon denial of the defendant's petition for certiorari); *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987) ("By 'final,' we mean a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied.").

Here, petitioner's direct appeal concluded with the Michigan Supreme Court's denial of his application for leave to appeal on October 31, 2005. Petitioner's conviction became final 90 days later when the time for seeking *certiorari* in the United States Supreme Court expired, or on January 29, 2006. Thus, the one year limitation period began running on January 30, 2006, *see* FED. R. CIV. P. 6(a)(1)(A), and expired one year later on January 30, 2007. Because petitioner did not file his petition until August 30, 2010, it is untimely unless the limitations period was tolled for any reason.

Under § 2244(d)(2), the limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" Here, petitioner filed a motion for relief from judgment on December 15, 2006. By this time, 319 days on the limitations clock had elapsed, leaving 46 days

remaining. The Michigan Supreme Court denied petitioner's application for leave to appeal with respect to the motion for relief from judgment on January 27, 2009. The clock therefore started to run again on January 28, 2009.[3] It is well established that subsection (d)(2) is a tolling provision and therefore a post-conviction motion only pauses the limitations clock; it "does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.2d 13, 17 (2d Cir. 2000); *see also, Brooks v. McKee*, 307 F. Supp. 2d 902, 905 (E.D. Mich. 2004) (Gadola, J.). Thus, petitioner then had 46 days in which to file his habeas application. However, petitioner did not file his application until over nineteen months later, on August 30, 2010. Thus, his application is untimely by nearly one and a half years. Accordingly, the Court should conclude that petitioner's application is untimely.

C. *Equitable Tolling*

Petitioner does not contest the foregoing calculation of the limitations period. Rather he contends that he is entitled to equitable tolling. The Court should disagree.

The habeas limitations provision set forth in § 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling of the limitations period, petitioner "must show '(1) that he had been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. Diguglielmo*, 544 U.S. 408,

---

[3]Unlike commencement of the limitations period under § 2244(d)(1)(A), which depends upon when the conviction becomes "final," tolling under § 2244(d)(2) applies only during the time that a state postconviction proceeding is pending. Because a petition for *certiorari* in the United States Supreme Court is not "an application for *State* post conviction . . . review" under § 2244(d)(2) (emphasis added), *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), petitioner is not entitled to tolling under § 2244(d)(2) for the 90-day period in which he could have sought *certiorari* in the Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327, 331-36 (2007).

418 (2005)); *see also*, *Holland*, 130 S. Ct. at 2562. "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). Importantly, diligence alone is not sufficient; petitioner must also show that some extraordinary circumstance prevented him from timely filing his petition. *See Mathis v. Thaler*, 616 F.3d 461, 474-76 (5th Cir. 2010) (petitioner not entitled to equitable tolling even though he had acted diligently).

Petitioner contends that he is entitled to equitable tolling because: (1) his attorney failed to advise him of the requirements for filing a timely habeas petition; (2) he had no knowledge of the applicable time limit; (3) he spent long periods in segregation with limited resources; and (4) he has a mental illness. The Court should conclude that these claims do not provide a basis for equitable tolling of the limitations period.

Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute extraordinary circumstances justifying equitable tolling. *See Lattimore v. DuBois*, 311 F.3d 46, 55 (1st Cir. 2002); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (Rosen, J.). Thus, petitioner is not entitled to equitable tolling on this basis. Likewise, counsel's failure to inform petitioner of the time limit applicable to habeas petitions does not provide an exceptional circumstance warranting equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); *McSwain v. Davis*, 287 Fed. Appx. 450, 457 (6th Cir. 2008).

Petitioner's mental impairments, if sufficiently severe to have prevented him from filing his habeas petition, may provide a legally sufficient basis for equitable tolling of the limitations period. *See Brown v. McKee*, 232 F. Supp. 2d 761, 767-68 (E.D. Mich. 2002); *cf*. *Gray v. Potter*, 115 Fed.

Appx. 891, 894 (7th Cir. 2004) ("A plaintiff whose mental or physical impairment prevents her from complying with the statute of limitations may invoke equitable tolling."). However, the mere existence of a mental impairment does not provide a basis for equitable tolling. "[M]ental incompetence is not a per se reason to toll a statute of limitations." *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008). Rather, "petitioner has the burden to show that these health problems rendered him unable to pursue his rights during the one-year time period." *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 173 (S.D.N.Y.2000). In other words, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *see also*, *McSwain*, 287 Fed. Appx. at 456 ("In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition."); *Brown*, 232 F. Supp. 2d at 768. To meet this burden, petitioner "'must offer a particularized description of how h[is] condition adversely affected h[is] capacity to function generally or in relationship to the pursuit of h[is] rights.'" *Robertson*, 624 F.3d at 785 (quoting *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (internal quotation omitted)).

Here, although petitioner has presented evidence confirming that he has a mental condition, he has failed to offer a particularized description of how his mental impairments rendered him incompetent to file his habeas application. The records submitted by plaintiff as exhibits to his response brief confirm that petitioner has suffered from depression and bipolar disorder. However, those records do not indicate that petitioner suffers from any cognitive impairment or other functional impairment that would affect his ability to file a habeas application. In fact, the March 19, 2009, report prepared by Mr. Muhammad Naeem, which is the report most contemporaneous

with the time period in which the limitations period ran, indicates that although petitioner had paranoia, depression, and bipolar disorder, he was also fully and well-oriented to person, time, place, and situation; coherent, spontaneous, and logical; had intact short-term and long-term memory; had an average intellectual level; had goal-directed thought process; and had appropriate insight and judgment. In these circumstances, petitioner has failed to demonstrate that he suffers from a mental impairment that prevented him from complying with the statute of limitations. *See Rogalski v. Booker*, No. 08-13756, 2010 WL 322987, at *7 (E.D. Mich. Jan. 13, 2010) (Duggan, J., adopting Report of Komives, M.J.); *Hamilton v. Berghuis*, No. 07-15391, 2009 WL 804160, at *5 (E.D. Mich. Mar. 25, 2009) (Murphy, J.); *Woolen v. Felker*, No. CV 07-08161, 2009 WL 6058449, at *6-*8 (Oct. 29, 2009), *magistrate judge's report adopted*, 2010 WL 1024590 (C.D. Cal. Mar. 17, 2010). Accordingly, the Court should conclude that petitioner is not entitled to equitable tolling of the limitations period.

D. *Recommendation Regarding Certificate of Appealability*

1. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack*

*v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a

recommendation regarding the certificate of appealability issue here.

2. *Analysis*

Where, as here, a petition is dismissed on a procedural basis, the inquiry under § 2253(c) is two-fold. In such a case, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 485 (emphasis added). As the Court explained, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id.* at 486.

If the Court accepts the foregoing recommendation, petitioner cannot show that the Court's ruling on the procedural question is reasonably debatable. Petitioner does not dispute that his claims are untimely under § 2244(d)(1)(A). Further, it is not reasonably debatable that petitioner has failed to establish entitlement to equitable tolling of the limitations period. As explained above, although the medical records support petitioner's claim that he suffers from a mental impairment, they do not support that he suffers from a severe cognitive impairment that would have prevented him from timely filing a habeas petition. Accordingly, the Court should deny petitioner a certificate of appealability.

E. *Conclusion*

In view of the foregoing, the Court should conclude that petitioner's application for the writ of habeas corpus is barred by the statute of limitations governing habeas petitions. Accordingly, the

Court should grant respondent's motion for summary judgment, deny petitioner's motions for summary judgment and to expunge unconstitutional arrest, and dismiss the petition. If the Court accepts this recommendation, the Court should also deny the certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 9/8/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on September 8, 2011.

s/Eddrey Butts
Case Manager